

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY LEE MCNAIR, | ) |
| Plaintiff, | ) ) ) |
| | ) Civil Action No. 21-204 (UNA) |
| GOVERNMENT OF NORTH CAROLINA *et al.*, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter, brought *pro se*, is before the Court on review of plaintiff's application to proceed *in forma pauperis* ("IFP") and the Complaint against North Carolina and its Department of Public Safety. Plaintiff is a prisoner in North Carolina. Although he has not fully complied with this Court's order to provide the financial statements required by the Prison Litigation Reform Act, *see* ECF No. 3, it is not for want of trying. *See* ECF No. 9 (order recounting plaintiff's attempted compliance); ECF No. 10 (plaintiff's latest attempt). Because the Court finds subject-matter jurisdiction to be lacking, it will grant the IFP application and dismiss the case. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject-matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Sovereign immunity protects a State from suit in federal court, unless immunity is waived.[1] Plaintiff has not demonstrated North Carolina's waiver of immunity. *See Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008) ("[T]he party claiming subject matter jurisdiction . . . has the burden to demonstrate that it exists.") (citation omitted)). More, plaintiff suggests that the defendants have "practice[d] slavery," Compl. at 2, but he has alleged no facts to consider a claim under the Thirteenth Amendment, which prohibits slavery or involuntary servitude "except as a punishment" for a convicted person. U.S. Const. amend. XIII. Consequently, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

2021.06.01
17:25:50 -04'00'

TREVOR N. McFADDEN
United States District Judge

Date: June 1, 2021

---

[1] The Eleventh Amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. The amendment applies equally to suits brought by citizens against their own states. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).